IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JAIME I. LAUREANO-VEGA, <br><br>        Plaintiff <br><br>          v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, et al., <br><br>        Defendants | CIVIL NO. 10-1650 (JAF/JP) |

**OPINION AND ORDER**

Before the Court is a motion to dismiss (**No. 10**) for lack of subject-matter jurisdiction filed by Defendant Federal Deposit Insurance Corporation ("FDIC"), as Receiver of R-G Premier Bank of Puerto Rico ("R-G"). Said motion is unopposed (No. 13). Plaintiff brought state law claims against FDIC and R & G Financial Corporation. For the reasons stated herein, Defendant's motion to dismiss is hereby **GRANTED**.

**I.**

**FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

Plaintiff Jaime Laureano-Vega ("Laureano") allegedly worked for R-G from February 3, 1992 until November 13, 2009. When Plaintiff was dismissed from his employment, he held the position of Sales District Manager and earned a salary of $2,346.00 per week.

CIVIL NO. 10-1650 (JAF/JP)        -2-

On November 13, 2009 and while on sick leave, Plaintiff alleges that he received a call from Miriam Pereira informing him of his dismissal. Plaintiff was allegedly dismissed because Heriberto Mendez ("Mendez"), Vice President of Sales, was upset with Plaintiff for Plaintiff's statements that there were irregularities in the process for evaluating personnel and managers. Plaintiff stated that a different metric was being used and, allegedly, the Human Resources Director agreed with Plaintiff. As such, Plaintiff alleges that Mendez began to harass Plaintiff and eventually retaliated by having him dismissed from his employment with R-G.

On December 11, 2009, Plaintiff brought the instant action in the Puerto Rico Court of First Instance (No. 8-1, p. 57-62) against R-G and R & G Financial Corporation ("R & G Financial"). On April 30, 2010, the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico closed R-G and caused the FDIC to be appointed as receiver. As such, on June 15, 2010, the Court of First Instance of Puerto Rico entered an order substituting FDIC as the Defendant and real party in interest in place of R-G.

This case was removed to the United States District Court for the District of Puerto Rico on July 13, 2010 (No. 1). Based on the FDIC's appointment as receiver, the FDIC sent Plaintiff a letter informing him of his right to submit an administrative claim to the FDIC on or before August 4, 2010. Plaintiff timely filed a proof of

CIVIL NO. 10-1650 (JAF/JP)      -3-

claim. On September 30, 2010, the FDIC mailed to Plaintiff, by certified mail return receipt requested, the disallowance notice denying the claim. The instant motion was then filed on December 16, 2010.

**II.**

**LEGAL STANDARD FOR RULE 12(b)(1) MOTION**

Federal courts are courts of limited jurisdiction. Destek Group v. State of New Hampshire Public Utilities Commission, 318 F.3d 32, 38 (1st Cir. 2003). The party claiming there is jurisdiction carries the burden of showing that the court has jurisdiction. Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).

Motions brought under Federal Rule of Civil Procedure ("FRCP") 12(b)(1) are subject to a similar standard as FRCP 12(b)(6) motions. Torres Maysonet v. Drillex, S.E., 229 F. Supp. 2d 105, 107 (D.P.R. 2002). A court must "treat all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 997 (1st Cir. 1992); see also Torres Maysonet, 229 F. Supp. 2d at 107.

CIVIL NO. 10-1650 (JAF/JP)    -4-

## III.

## **ANALYSIS**

Defendant FDIC argues that the motion to dismiss should be granted because Plaintiff failed to comply with the mandatory procedural requirements of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"). The Court will now consider Defendant's unopposed argument.

**A.   Claims against FDIC**

When serving as receiver, the FDIC has authority under FIRREA to determine claims in accordance with the procedures established in 12 U.S.C. § 1821(d)(3)-(6). The FDIC is provided with 180 days to either allow or disallow claims which are timely filed with the FDIC. 12 U.S.C. § 1821(d)(5)(A)(i). The FDIC should allow claims which are proven to its satisfaction. Id. § 1821(d)(5)(B).

When the FDIC disallows a claim, the claimant may proceed to file suit for such a claim or continue an action which was commenced prior to the appointment of the receiver in specific courts and in accordance with limitations periods provided for in 12 U.S.C. § 1821(d)(6). Specifically, said statute provides:

(A) In general

**Before the end of the 60-day period** beginning on the earlier of (i) the end of the [180 day termination] period described in paragraph (5)(A)(i) with respect to any claim against a depository institution for which the Corporation is receiver; or (ii) the date of any notice of

CIVIL NO. 10-1650 (JAF/JP)    -5-

> disallowance of such claim pursuant to paragraph (5)(A)(I), the claimant may . . . file suit on such claim (or **continue an action commenced before the appointment of the receiver**) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).
>
> (B) Statute of limitations
>
> If any claimant fails to . . . file suit on such claim (**or continue an action commenced before the appointment of the receiver**), before the end of the 60-day period described in subparagraph (A), the claim shall be deemed to be disallowed (other than any portion of such claim which was allowed by the receiver) as of the end of such period, such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim.

Id. § 1821(d)(6)(A)-(B) (emphasis added).

Thus, within 60 days of receiving the notice of disallowance, claimant has to either file a new action in the appropriate federal court or continue an action that started prior to the appointment of the FDIC as receiver. To continue an action requires some affirmative act by the claimant. See, e.g., Lakeshore Realty Nominee Trust v. FDIC, 1994 WL 262913, at *1-2 (D.N.H. May 25, 1994) (dismissing case where Plaintiff did nothing to reactivate his claim); First Union National Bank of Florida v. Royal Trust Tower, Ltd., 827 F. Supp. 1564, 1567-68 (S.D. Fla. 1993).[1] Failure to comply with these

---

[1] There is some case law suggesting that in order to "continue" an action there is no need to take affirmative action. See New Bank

CIVIL NO. 10-1650 (JAF/JP)      -6-

requirements deprives courts of jurisdiction. <u>See</u> 12 U.S.C. § 1821(d)(13)(D).

After considering the argument, the Court agrees with Defendant FDIC. Plaintiff timely filed a proof of claim. The FDIC disallowed Plaintiff's claim on September 30, 2010.[2] Based on said disallowance, Plaintiff had 60 days to either start a new action in the appropriate federal court or "continue" with the instant suit that he filed prior to the FDIC being appointed as receiver for R-G. 12 U.S.C. § 1821(d)(6). The 60 day period expired on November 29, 2010.

In the instant case, Plaintiff did not provide the Court with any information as to whether he timely filed a new action in federal court. Moreover, Plaintiff has taken no action in this case. As such, the Court finds that Plaintiff's action against the FDIC fails since he did not comply with the 60 day statute of limitations provided for in 12 U.S.C. § 1821(d)(6).

**B.   <u>Claims against Defendant R & G Financial Corporation</u>**

In addition to his claims against the FDIC, Plaintiff brought Puerto Rico law claims against Defendant R & G Financial. However, with the dismissal of the claims against the FDIC, there are no

---

of New England, N.A. v. Callahan, 798 F. Supp. 73, 76 (D.N.H. 1992). However, after examining the other relevant case law on the matter, the Court finds the <u>Callahan</u> decision to be unpersuasive.

[2] It is important to note that the disallowance that was mailed to Plaintiff actually warned him of the consequences of not filing a new suit and not continuing his current suit within 60 days.

CIVIL NO. 10-1650 (JAF/JP)       -7-

pending claims giving rise to federal jurisdiction. 12 U.S.C. § 1819(b)(2)(A). As such, dismissal of pending state law claims is proper because an independent jurisdictional basis is lacking. Exercising jurisdiction over pendent state law claims once the federal law claims are no longer present in the lawsuit is discretionary. See Newman v. Burgin, 930 F.2d 955, 963 (1st Cir. 1991) (holding that "[t]he power of a federal court to hear and to determine state-law claims in nondiversity cases depends upon the presence of at least one 'substantial' federal claim in the lawsuit . . . [and] the district court has considerable authority whether or not to exercise this power, in light of such considerations as judicial economy, convenience, fairness to litigants, and comity[]").

Here, the Court chooses not to hear the state law claims brought by Plaintiff against Defendant R & G Financial. As such, the Court will enter judgment dismissing the claims against R & G Financial without prejudice.

**IV.**

**CONCLUSION**

Thus, the Court grants Defendant FDIC's motion to dismiss for lack of subject-matter jurisdiction. Accordingly, the Court will enter a separate Final Judgment dismissing the claims against FDIC

CIVIL NO. 10-1650 (JAF/JP)        -8-

with prejudice and the claims against R & G Financial without prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of August, 2011.

                                                   S/JOSE ANTONIO FUSTE
                                                    JOSÉ ANTONIO FUSTÉ
                                              UNITED STATES DISTRICT JUDGE